IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID CHRISTOPHER JULIEN                                              PLAINTIFF

    v.                    Civil No. 05-5173

LADENA KAISER                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, David Christopher Julien, an inmate of the Arkansas Department of Correction, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Ladena Kaiser. Julien's complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendant.

### BACKGROUND

Julien alleges Kaiser lied and reported that she had raped by Julien and his brother. As a result of her lies and an inadequate investigation done by the police, Julien alleges he was convicted of rape and sentenced to a term of imprisonment.

Julien contends Kaiser is the one who should have went to jail. He also maintains that she lied at his parole hearing.

As relief, Julien wants back what he has lost. He asks that he be allowed to go home and Kaiser be sent to jail. He also asks for damages in the amount of $2,500 a day while he is in jail.

### DISCUSSION

Julien's complaint is subject to dismissal. First, Ladena Kaiser is a private individual. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff "rights, privileges or immunities secured by the Constitution and laws" of the United

States. 42 U.S.C. § 1983. A private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).

Second, witnesses in a criminal proceeding are absolutely immune from suit. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony). Thus, even if the court assumes Kaiser gave perjured testimony, she is not subject to suit under § 1983 by virtue of that testimony.

Finally, Julien's claim for damages is barred by his conviction. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Julien's conviction has not been reversed, set aside, or otherwise held invalid.

## CONCLUSION

Accordingly, I recommend that Julien's complaint be dismissed. Julien's complaint is subject to dismissal on the grounds that it is frivolous, fails to state a claim, and seeks relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Julien has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Julien is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of November 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE